RECEIVED

JUL - 1 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

FREDDIE LEE WILLIAMS (#371650)        DOCKET NO. 15-CV-1626; SEC. P
a.k.a. Frederick Lee Williams

VERSUS                                JUDGE DRELL

WARDEN KEITH, ET AL.                  MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff Freddie Lee Williams (a.k.a. Frederick Lee Williams) filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 5, 2014 and amended complaint on June 19, 2015. Plaintiff is in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He names as defendants Officer Raymond Harrison, Officer Shaw, Captain Bobby Toler, Tommy Glover, and Warden Tim Keith. Plaintiff complains that the defendants failed to protect him from harm inflicted by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that, on September 2, 2014, he was out of his cell for recreation in the Cypress Unit. Officer Raymond Harrison entered the tier with a nurse for pill call. After pill call, Harrison and the nurse exited the tier, but Harrison failed to secure the tier door behind him. Another Inmate approached the

tier and spit in Plaintiff's face "and stepped backward." [Doc. #6, p.1] Plaintiff "rushed toward him into the lobby area." [Doc. #6, p.1]  The other inmate pulled a homemade weapon from his waistband and stabbed Plaintiff twice.  Plaintiff received a disciplinary conviction and was sentenced to extended lockdown. [Doc. #6, p.2]

Plaintiff blames the officers for his injuries because they were not present at the time or monitoring the tier.  He claims that he had previously reported to Officer Tolar that the other inmate had threatened to put poison in Plaintiff's food. [Doc. #6, p.3]

### Law and Analysis

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825 (1994); Johnston v. Lucas, 786 F.2d 1254, 1259 (5th Cir. 1986).  However, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation. See Farmer, 511 U.S. at 834. The Eighth Amendment mandates 'reasonable' safety, not 'absolute' safety. See Newton v. Black, 133 F.3d 301, 307 (5th Cir. 1998).  To succeed on a failure-to-protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004)(internal quotation marks and citation

2

omitted). Thus, to establish an Eighth Amendment "failure to protect" violation, the inmate must show that the prison official acted or failed to act *despite his knowledge of a substantial risk of serious harm*. <u>Farmer</u>, 511 U.S. at 841. It is not enough that an official should have inferred the risk posed to an inmate; instead, the official must draw such an inference. <u>See</u> <u>Adames v. Perez</u>, 331 F.3d 508, 514 (5th Cir. 2003).

Although Plaintiff states that he warned Officer Tolar that the other inmate had threatened to put something in Plaintiff's food, Plaintiff has not presented any allegations of deliberate indifference by Officer Tolar. He has not alleged that Tolar acted or failed to act in any way with respect to this incident. Plaintiff and the other inmate were clearly not housed on the same tier. Officer Tolar was not present on the date and time that the incident happened and had no personal involvement in the incident, which is an essential element of a civil rights cause of action. <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976)(affirmative link needed between injury and conduct of defendant) <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983); <u>Fickes v. Jefferson Cnty.</u>, 900 F. Supp. 84, 88 (E.D. Tex. 1995)(Personal involvement is the touchstone of §1983 jurisprudence).

Plaintiff claims that Officer Harrison neglected to close the tier door behind him after pill call. He does not claim that Harrison knew that Plaintiff faced a substantial risk of harm or

3

that he intentionally left the tier open so that the other inmate could attack Plaintiff.  Furthermore, Plaintiff admits that, after the other inmate spat in Plaintiff's face, the inmate "stepped backward." [Doc. #6, p.1]  Instead of letting the other inmate walk away, Plaintiff then "rushed toward him into the lobby area." [Doc. #6, p.1] Plaintiff decided to leave his tier and chase after the other inmate.  Had he not done so, he likely would not have been stabbed.  Plaintiff has failed to allege deliberate indifference by Officer Harrison.  What he has alleged amounts to allegations of negligence.

Plaintiff concludes that Shaw is liable for not monitoring the secured housing unit.  This is a vague and conclusory allegation and it does not amount to an allegation of deliberate indifference to Plaintiff's safety. To the extent that Shaw was supposed to be monitoring the tier and was not, this also amounts to an allegation of negligence. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); Neals v. Norwood, 58 F.3d 530, 533 (finding allegations that prison officials negligently jeopardized an inmate's safety insufficient to state a failure-to-protect claim under §1983).

Although Glover and Keith were named as defendants in the original complaint, he omitted them from the amended complaint.

4

Plaintiff failed to provide any allegations regarding Defendants Glover and Keith in his complaint or amended complaint.

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

## *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE